IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| BALDOMERO VEGA LOZANO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 318-053 |
| | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at McRae Correctional Institution ("MCI") in McRae, Georgia, brings a petition pursuant to 28 U.S.C. § 2241 that is before the Court on Petitioner's Motion for Immediate Release from Immigration Detention and Transfer into Federal Bureau of Prisons Custody, (doc. no. 2), and Respondent's motion to dismiss, (doc. no. 7.) Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion for transfer be **DISMISSED** as **MOOT**, Respondent's motion to dismiss be **GRANTED**, the petition be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

**I. BACKGROUND**

Petitioner states he was born in Mexico, came to the United States in 1955, was issued a social security card, and has maintained continuous residency in the United States since his arrival in 1955. (Doc. no. 2, pp. 2-3.) On March 23, 2012, Petitioner pleaded guilty

to conspiracy to possess with intent to distribute fifty kilograms or more of marijuana based on his participation with his son in setting up stash houses for storing marijuana and assisting in making arrangements to transport loads of marijuana.  (Doc. no. 1-1, attaching Vega v. United States, CV 7:14-0572, CR 7:11-1667-15 (S.D. Tex. Nov. 29, 2016).)  The trial court sentenced Petitioner to 135 months' imprisonment, (id.), and Bureau of Prisons ("BOP") records show Petitioner is a BOP inmate serving a 135-month sentence imposed on June 29, 2012.  (Dykes Decl., doc. no. 7-1, p. 6.)  The expiration of Petitioner's full term is February 6, 2023, but his projected release date with application of good conduct time is August 26, 2021.  (Id. at 7.)

Petitioner is currently serving his sentence imposed for the drug conspiracy conviction at MCI, a BOP contract facility.  (Angel-Vasquez Decl., doc. no. 7-2, ¶ 3.)  MCI is not an Immigration and Customs Enforcement ("ICE") detention center, and all inmates housed at MCI are BOP inmates.  (Id.)  There is an immigration detainer dated May 15, 2013, lodged against Petitioner, and when Petitioner's BOP sentence expires, ICE agents are expected to take Petitioner into ICE custody pursuant to the detainer.  (Id. ¶¶ 3, 5 & Attach. 1.)

According to Petitioner, he is a citizen of the United States Citizen who is erroneously detained at an immigration facility.  (See doc. no. 1, pp. 6, 8; doc. no. 2, p. 1; doc. no. 10, p. 2.)  He maintains his status as a United States citizen means he is not subject to deportation.  (Doc. no. 1, p. 8.)  In both his petition and motion for immediate release from immigration detention, Petitioner seeks to be transferred into the custody of BOP at a facility other than MCI.  (See doc. nos. 1, 2.)  Petitioner asserts he is in ICE custody and his continued detention at MCI violates his due process rights.  (Doc. no. 2, p. 2.)

2

## II. DISCUSSION

### A. To the Extent Petitioner Seeks a Transfer from ICE Custody to BOP Custody, His Request Is Moot

The jurisdiction of federal courts is limited by Article III of the Constitution to "Cases" or "Controversies." Soliman v. United States, 296 F.3d 1237, 1242 (11th Cir. 2002). "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Barrera v. United States Attorney Gen., 557 F. App'x 877, 881 (11th Cir. 2014) (*per curiam*) (citation omitted); Soliman, 296 F.3d at 1242. "[T]hroughout the litigation, the plaintiff 'must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citation omitted). Because mootness is jurisdictional, dismissal is required if no case or controversy remains. Soliman, 296 F.3d at 1242.

Here, although Petitioner asserts he is in ICE custody, he has attached to his petition an opinion from the Fifth Circuit Court of Appeals and the Southern District of Texas confirming he was sentenced to a 135-month prison term in 2012 for a drug conspiracy conviction. (Doc. no. 1-1.) The Case Management Coordinator at MCI, as well as BOP records, confirm Petitioner is currently serving a BOP sentence that will not expire, at the earliest, until August 26, 2021. (Dykes Decl., Attach. 1.) Moreover, MCI is not an immigration detention center, and Petitioner, like all inmates at MCI, is a BOP inmate.[1] (Angel-Vasquez Decl. ¶ 3.)

---

[1] See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (*per curiam*) (allowing a court to "proceed as it never could under [Rule]12(b)(6) or [Rule] 56" and "weigh the evidence and satisfy itself as to the existence of its power to hear the case." (citation omitted)).

Consequently, there is no case or controversy for which the Court can grant meaningful relief regarding a transfer to BOP custody, and to the extent Petitioner seeks the same in these proceedings, the Court is without jurisdiction. Accordingly, the request for transfer within the petition and in the separately filed Motion for Immediate Release from Immigration Detention and Transfer into Federal Bureau of Prisons Custody, (doc. no. 2), should be **DISMISSED** as **MOOT**.

### B. The Court Does Not Determine Whether Petitioner Exhausted Available Administrative Remedies

Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Santiago-Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015); Davis v. Warden, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016) (*per curiam*). Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." Santiago-Lugo, 785 F.3d at 475. However, "a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Id. at 475 (citation omitted).

Respondent argues Petitioner has not initiated, let alone exhausted, the administrative remedy process codified in 28 U.S.C. § 542.10 *et al*. (Doc. no. 7, pp. 5-6; Dykes Decl. ¶¶ 5-8.) Petitioner does not contest his failure to utilize BOPs administrative remedy process, but he contends administrative review would be futile because MCI is not a federal prison. (Doc. no. 10, pp. 4-5.) The Eleventh Circuit has previously ruled there is no futility exception to the § 2241 exhaustion requirement because of the jurisdictional nature of such a requirement. McGee v. Warden, FDC Miami, 487 F. App'x 516, 518 (11th Cir. 2012) (*per*

4

*curiam*). After McGee, however, the law of the circuit changed: the exhaustion requirement is not jurisdictional for § 2241 petitions. Santiago-Lugo, 785 F.3d at 475. The Eleventh Circuit did not address in Santiago-Lugo whether a futility exception exists, nor has it done so thereafter. Because it is unclear whether a futility exception exists and, if so, what standard applies, the Court will "skip over the exhaustion issue" and address Petitioner's grounds for relief on the merits. Id.

### C. To the Extent Petitioner Is Requesting Placement in a Prison Other than MCI, the Claim Should Be Dismissed

Petitioner contends he is not in a "federal" prison, and thus not in BOP custody, because MCI is a private prison that contracts with the Attorney General, via BOP, to house federal prisoners.[2] (See doc. no. 10, pp. 1-2.) Such an assertion is without merit because even if daily management of MCI is the responsibility of the private company running it, Congress has authorized BOP by statute to make housing determinations. "The Bureau of Prisons shall designate the place of prisoner's imprisonment." 18 U.S.C. § 3621(b). In addition, the Court's review of the BOP's housing decisions is limited, as "the BOP is afforded wide discretion in classifying and housing prisoners." United States v. Ramdeo, 705 F. App'x 839, 840 (11th Cir. 2017) (*per curiam*).

Moreover, although BOP is an agency to which the Administrative Procedure Act ("APA") generally applies, thereby making BOP's actions usually reviewable through a habeas corpus proceeding, see 5 U.S.C. § 703, Congress has specifically excluded "'any BOP determination, decision, or order under'" any provision of 18 U.S.C. §§ 3621 to 3626. Jenner v. Stone, No. CV 317-098, 2018 WL 2976995, at *3 (S.D. Ga. May 16, 2018) (citing

---

[2] Congress has authorized the Attorney General to contract the care of prisoners to private facilities. See 18 U.S.C. § 4013(a)(3).

18 U.S.C. § 3625),³ *adopted by* 2018 WL 2972350 (S.D. Ga. June 13, 2018) (Bowen, J.) Therefore, § 3625 entirely "precludes judicial review of determinations by BOP under the relevant statutes except to the extent a prisoner challenges the underlying rules and regulations establishing the criteria governing BOP decision making process." Id. (citing Cook v. Wiley, 208 F.3d 1314, 1319 (11th Cir. 2000)). Petitioner has not challenged any such BOP rule or regulation allowing BOP to enter contracts with private corporations to house federal prisoners.

As Congress has precluded judicial review of BOP placement decisions, the Court's "review is limited to whether the agency has acted outside its statutory limits or has violated the Constitution." Id. (citing Webster v. Doe, 486 U.S. 592, 597, 603 (1988); Santiago-Lebron v. Fla. Parole Comm'n, 767 F. Supp. 2d 1340, 1351 (S.D. Fla. 2011)). As explained above, BOP has the statutory authority to determine prisoner placement.

Nor does Petitioner's placement at MCI raise constitutional concerns because Petitioner has no liberty interest in his place of confinement. See, e.g., McKune v. Lile, 536 U.S. 24, 39 (2002) (holding no procedural due process protections regarding place of confinement); Meachum v. Fano, 427 U.S. 215, 225 (1976) (finding no liberty interest under due process clause regarding transfer within state prison system); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (holding no due process interest in prisoner classification and eligibility for rehabilitative programs in federal system).

> As the Supreme Court has explained, "the Due Process Clause in and of itself [does not] protect a duly convicted prisoner against transfer from one institution to another." Id. at 225, 96 S. Ct. 2532. Nor does it give him a right

---

³18 U.S.C. § 3625 provides: "The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter [which includes 18 U.S.C. § 3621]."

6

> to transfer to a particular institution of his choosing. See id. This is so because a defendant's valid conviction authorizes the government to "confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." Id. at 224, 96 S. Ct. 2532. Thus, the fact "[t]hat life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to [or denied a transfer from] the institution with the more severe rules." Id. at 225, 96 S. Ct. 2532.

Williams v. Flournoy, 732 F. App'x 810, 812 (11th Cir. 2018) (*per curiam*).

In sum, Petitioner is not entitled to an Order from this Court directing BOP to place him in any particular institution designated to house federal inmates.

### D. Petitioner May Not Challenge His Detainer in These Proceedings

Petitioner also argues he is a United States citizen, not subject to deportation, and therefore has been improperly subjected to prolonged detention at an immigration facility. (See doc. nos. 1, 2.) Petitioner has provided no proof of United States citizenship, and the immigration detainer lodged against Petitioner on May 15, 2013, states "there is reason to believe [Petitioner] is an alien subject to removal from the United States." (Angel-Vasquez Decl., Attach. 1.) However, because Petitioner is in BOP custody serving his federal sentence, (Dykes Decl., p. 6), the Court lacks jurisdiction to address Petitioner's attempt to address the validity of his immigration detainer and potential deportation.

Despite Petitioner's claim he is in "immigration custody," the record confirms he is currently in BOP custody. (Doc. no. 1-1; Dykes Decl., Attach. 1; Angel-Vasquez Decl. ¶ 3.) Because a writ of habeas corpus grants relief from unlawful custody, see 28 U.S.C. §2241(c), jurisdiction does not lie where the authority against whom relief is sought does not have custody of the petitioner. See Orozco v. United States INS, 911 F.2d 539, 541 (11th Cir. 1990) (*per curiam*) ("[A]bsent custody by the authority against whom relief is sought,

7

jurisdiction will not lie to grant the writ [of habeas corpus]."), *superseded by statute on other grounds as explained*, Themeus v. United States Dep't of Justice, 643 F. App'x 830, 832 (11th Cir. 2016) (*per curiam*). To the extent Petitioner challenges the detainer lodged against him by ICE, the Court only has jurisdiction if Petitioner is in the custody of ICE. He is not.

The mere lodging of an ICE detainer does not by itself cause a petitioner to come within ICE's custody for purposes of § 2241. Id. at 541; Louis v. Sec'y, Fla. Dep't of Corr., 524 F. App'x 583, 583-84 (11th Cir. 2013) (*per curiam*); Roberts v. INS, 372 F. App'x 921, 924 (11th Cir. 2010) (*per curiam*). Because the relief requested regarding Petitioner's citizenship and/or deportability cannot be granted by the BOP-designated officials who have custody of Petitioner while he serves his federal sentence, jurisdiction under § 2241 is lacking. Orozco, 911 F.2d at 541; Roberts, 372 F. App'x at 924; Louis, 524 F. App'x at 583-84 (11th Cir. 2013).

In his reply, Petitioner argues he is not challenging the immigration detainer or any removal order. (Doc. no. 10.) Indeed, Petitioner concedes he has not been served with a removal order. (Doc. no. 2, p. 1.) Rather, Petitioner maintains he is independently challenging his continued immigration detention. (See generally doc. no. 10.) As explained above, Petitioner is not currently detained because of any immigration or citizenship issues, and in any event, the cases he cites in support of his request for habeas corpus relief are inapposite.

In Baez v. Bureau of Immigration and Customs Enf't, 150 F. App'x 311, 312 (5th Cir. 2005), an inadmissible alien challenged his indefinite detention pending removal. Petitioner, on the other hand, is a convicted felon serving a federal sentence imposed in the United States District Court for the Southern District of Texas. (Dykes Decl., Attach. 1.) In

8

Valenzuela v. United States, 286 F.3d 1223, 1224-25 (11th Cir. 2002), two American citizens were fighting extradition to Italy for prosecution for their alleged participation in an international drug smuggling ring. The proceedings were not about citizenship or prolonged immigration detention. Id. at 1229-1230. As one final example, in Mejia Rodriguez v. Reno, 178 F.3d 1139, 1140-42 (11th Cir. 1999), the petitioner was a native of Honduras subject to a deportation order seeking to stay his deportation. Petitioner is not subject to a deportation order.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion for transfer be **DISMISSED** as **MOOT**, (doc. no. 2), Respondent's motion to dismiss be **GRANTED**, (doc. no. 7), the petition be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 16th day of October, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA